UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:22-mj-183-1 |
| | ) |
| MUHAMET DEMAJ, | ) |
|     Defendant. | ) |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through counsel, Nikolas P. Kerest, United States Attorney for the District of Vermont, and Matthew J. Lasher, Assistant United States Attorney, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. Eligibility for Detention. This defendant is eligible for detention because the case involves a serious risk that the defendant will flee. 18 U.S.C. § 3142(f)(2)(A).

2. Reason for Detention. The Court should detain the defendant because there are no conditions of release which will reasonably assure the defendant's appearance as required. The defendant is a resident of New York, with no known connection to this district other than his repeated trips for apparent smuggling activities. Although he is a United States citizen, he is a participant in organized international human smuggling, to include the use of fake passports. Accordingly, he likely has connections with a criminal organization that could accommodate his flight and concealment within or outside of the United States.

3. Time for Detention Hearing. The United States suggests continuing the detention hearing for two days to allow pretrial services to produce a thorough bail report. If, however, a complete pretrial services report is available at the time of the initial hearing, the United States suggests holding the detention hearing at that time.

      4.  <u>Factors for Detention</u>.  The factors delineated in § 3142(g) favor detention.  Demaj was apprehended—for the second time in a year—approximately half a mile from the Canadian border while transporting an Albanian citizen who illegally entered the United States in the town of North Troy.  While alien-smuggling cases are not always inherently serious, rental vehicle and location data associated with this case indicate the defendant was likely involved in at least six additional smuggling incidents in North Troy between December 2021 and the present.  The nature and circumstances of his offense conduct are therefore more serious than most 1324(a) violations in this district.  *See* 18 U.S.C. § 3142(g)(1).  Further, the evidence against the defendant is substantial.  This is his second arrest for alien smuggling in the same location, making it certain that he at least recklessly disregarded the passenger's status as an alien who had illegally entered the United States.  The defendant translated for his passenger between English and Albanian at the scene of the vehicle stop, showing that he knew the passenger's native language.  The contents of his phone from his arrest in April 2022 will also show his motive, opportunity, plan, and intent in the present offense.  *See* 18 U.S.C. § 3142(g)(2).  The United States is not aware of the defendant's employment and family circumstances, but the defendant's possession of a Mercedes GL450 SUV registered to him during the April 2022 arrest shows that the defendant has access to substantial resources.  He does not have a history of criminal convictions of which the government is currently aware, but that record is significantly undercut by his protracted involvement in the offense conduct in this case.  He has no ties to the community in this district.  *See* 18 U.S.C. § 3142(g)(3).  Because no conditions can be set to ensure his appearance in this district, Demaj should be detained pending trial.

WHEREFORE the United States respectfully requests the Court detain the defendant pending further proceedings in this case.

Dated at Burlington, in the District of Vermont, December 19, 2022.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: /s/Matthew J. Lasher
Matthew J. Lasher
Assistant U.S. Attorney
Burlington, VT 05402-0570
(802) 951-6725
matthew.lasher@usdoj.gov